FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 5 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    – against –

THOMAS BRACKEN,

        Defendant.

08-CR-207

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On April 14, 2008, Thomas Bracken plead guilty to a single-count information, which charged that between 1999 and 2004 defendant, together with others, conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the United States Department of Treasury in the ascertainment, computation, and collection of revenue, specifically the filing of income taxes pursuant to 26 U.S.C. § 7201, in violation of 18 U.S.C. § 371.

Bracken was sentenced on June 24, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 19 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 30 and 37 months. The offense carried a maximum term of imprisonment of 5 years. 18 U.S.C. § 371. The guidelines range of fine was from $7,500 to $75,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Bracken was sentenced to five years' probation and 1,000 hours' community service. Defendant may, subject to approval by the Probation Department, satisfy the community service requirement in whole or in part through the ongoing community services activities to which he is already devoted. A $100 special assessment was imposed. Restitution was ordered in the amount of $1,900,000 owed to the internal revenue service and payable to the Clerk of the Court.

No fines were imposed because, in light of the large restitution amount, the defendant does not have sufficient assets, and it is unlikely that he will have sufficient assets in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that defendant's cooperation came at an early stage in the investigation and proved important in corroborating evidence implicating one of the main architects of the fraudulent scheme. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). This was an unfortunate case. Defendant's role in supporting the scheme to defraud the government was deliberate and important. Prior to his involvement he had lived a highly responsible life. He has a close and supportive family. He devoted himself to his family, his community, and his country. In a sense, the fraud was forced upon him by the illegal conduct of the widow of his former friend and employer, and by her co-conspirator and paramour. Defendant attempted to escape the situation he found himself in by seeking alternative employment, but was unsuccessful perhaps because of his age. He cooperated fully with the government. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a

clear message that any involvement in tax fraud will result in a substantial punishment. Specific deterrence is achieved through the mandatory restitution, which far exceeds defendant's current and prospective assets, and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his age, his supportive wife and family, his prompt cooperation, and his apparently sincere expressions of remorse.

Jack B. Weinstein
Senior United States District Judge

Dated: July 13, 2010
      Brooklyn, New York